UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JOSE MARTINEZ,

Defendant.

---

96-Cr-959 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Defendant Jose Martinez has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1). (ECF No. 168.) Martinez is currently serving a sentence of life imprisonment for the August 23, 1996 murders of Antonio Valencia and Freddy Sanchez. (Trial Tr. 333-37, 490-96, 508-09, 600-01, 1217, 1223.) His co-defendant, Juan Rodriguez, is also serving a life sentence. (J., ECF No. 46.)

Section 3582(c)(1)(A), the compassionate release statute, permits a court to reduce a defendant's sentence if: 1) the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or a lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"; 2) "extraordinary and compelling reasons warrant such a reduction"; and 3) the reduction would be consistent with "the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). The first element is satisfied here, as the warden at FCI Hazelton has failed to respond to the defendant's motion, filed more than 30 days ago on September 10, 2021. (Def.'s Mot., ECF No. 168, at 1.)

Nevertheless, Martinez's motion fails because he has not shown "extraordinary and compelling reasons" meriting a reduction in his sentence, nor would such a reduction be consistent with the section 3553(a) factors. First, Martinez's age, health conditions, and the dangers of COVID-19 fail to rise to the level of "extraordinary and compelling reasons" justifying a reduced sentence. Although he is 65 years old, his ongoing health conditions – such as presbyopia, asthma, dental caries, esophageal reflux, joint pain, hyperlipidemia, and an enlarged prostate – are quite common and not life-threatening. Further, FCI Hazelton, where Martinez is serving his sentence, currently has seven positive cases of COVID-19 in a population of 1,966 total inmates. *BOP: COVID-19 Update*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated Nov. 26, 2021); *FCI Hazelton*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/haf/. "[W]hile the COVID-19 pandemic is undoubtedly serious and of great concern, numerous courts have found that

the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release." *United States v. Nwankwo*, No. 12-cr-31, 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020). Ultimately, although the Court appreciates the gravity of the pandemic and acknowledges the discomforts of being 65, it cannot find that "extraordinary and compelling reasons" exist on the record of this application.

Next, even if the Court found "extraordinary and compelling reasons" to exist here, a reduction in Martinez's sentence would not be consistent with the section 3553(a) factors. These factors require the Court to consider, *inter alia*, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(2)(A), (a)(4)(A).

Here, Martinez and his co-defendant Rodriguez were each convicted on five counts for the murders of Valencia and Sanchez. (Trial Tr. 1217, 1223.) These counts included substantive murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1), which still mandates a punishment by imprisonment for a term up to life. The grisly facts of the murders underscore their seriousness: Rodriguez, the leader of a narcotics trafficking organization, and Martinez, a member of that organization, killed Valencia and Sanchez, their principal cocaine suppliers, to erase a significant cocaine debt. (Trial Tr. 313-23, 439-46, 462-73.) According to the evidence in the case, Martinez shot Valencia in cold blood, and received a payment of $1,000 from Rodriguez for his role in the murders. (*Id.* 362-63.) The crime of murder in aid of racketeering is tremendously grave and a reduction in Martinez's sentence would not comport with the section 3553(a) factors.

In sum, Martinez has not shown that a reduction in his sentence is warranted. Not only has he failed to show circumstances rising to the level of "extraordinary and compelling reasons" justifying a reduction, but also such a reduction would be inconsistent with the section 3553(a) factors. Accordingly, Martinez's motion for a sentence reduction is denied. The Clerk of Court is directed to mail a copy of this Order to defendant as follows: Jose Martinez [19912-050], FCI Hazelton, Federal Correctional Institution, P.O. Box 5000, Bruceton Mills, WV 26525.

Dated:  New York, New York
        November 29, 2021

                    SO ORDERED:

                    Sidney H. Stein, U.S.D.J.