UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JOSE MARTINEZ,

  Defendant.

96-Cr-959 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant Jose Martinez moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1), commonly referred to as the "compassionate release" statute. (ECF No. 178.) Along with his co-defendant Juan Rodriguez, Martinez is currently serving a sentence of life imprisonment for the 1996 murders of Antonio Valencia and Freddy Sanchez.

Section 3582(c)(1)(A) permits a court to reduce a defendant's sentence if 1) "extraordinary and compelling reasons warrant such a reduction"; 2) the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction; and 3) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[1] The United States Sentencing Commission recently amended section 1B1.13(b) of the United States Sentencing Guidelines, which governs the analysis of a motion for compassionate release. *See* U.S.S.G. § 1B1.13(b). "The defendant bears the burden of proving he is entitled to compassionate release." *United States v. Laford*, No. 11-cr-1032, 2024 WL 3778890, at *2 (S.D.N.Y. Aug. 12, 2024) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)). As explained below, Martinez's motion for compassionate release is denied because he has shown neither the presence of extraordinary and compelling reasons to merit a sentence reduction nor that any reduction in his sentence would be consistent with the section 3553(a) factors.

---

[1] A defendant must also exhaust his administrative remedies prior to bringing a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). There is no evidence in the record indicating that Martinez has done so. Nevertheless, because the exhaustion requirement is not jurisdictional, the Court will proceed to the merits of this application. *See United States v. Lindo*, No. 15-cr-854, 2020 WL 5038766, at *1 (S.D.N.Y. Aug. 26, 2020); *United States v. Saladino*, 7 F.4th 120 (2d Cir. 2021); *cf. id.* at 126 (Menashi, J., concurring).

1

This is Martinez's third motion for compassionate release in four years. (*See* ECF Nos. 168, 173, 178.) In his two prior motions, Martinez contended that his age, health conditions, and the dangers of COVID-19 constituted extraordinary and compelling circumstances justifying a reduction in his sentence. (*See* ECF Nos. 168, 173.) The Court denied both motions, concluding that Martinez had identified neither extraordinary and compelling reasons for a sentence reduction nor that such a reduction would be consistent with the section 3553(a) factors. *See United States v. Martinez*, No. 96-cr-959, 2021 WL 5605137 (S.D.N.Y. Nov. 30, 2021) (denying defendant's first compassionate release motion); (ECF No. 175 (denying defendant's second compassionate release motion)).

In the present motion, Martinez focuses instead on the recently-added "unusually long sentence" provision of section 1B1.13(b). *See* U.S.S.G. § 1B1.13(b)(6). Under that provision, when a defendant has received an "unusually long sentence and has served at least 10 years of the term of imprisonment," a court may consider "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) . . . where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed" when determining whether extraordinary and compelling reasons exist for compassionate release. *Id.* The court must also undertake a "full consideration of the defendant's individualized circumstances." *Id.*

Martinez is currently serving a life sentence and has served more than ten years of that sentence; thus, the question for the Court is whether he has identified a change in the law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [was] filed." *Id.* For the reasons that follow, Martinez has not identified such a change.

In his motion, Martinez advances the same argument that his co-defendant Juan Rodriguez raised in his motion for compassionate release.[2] Like Rodriguez, Martinez contends that the U.S. Supreme Court's 2005 decision in *United States v. Booker*, 543 U.S. 220 (2005), constitutes a change in the law that would produce a gross disparity between the life sentence he is currently serving and the sentence he would receive today. (*See* ECF No. 178.) The Court thoroughly analyzed and rejected this argument when Rodriguez originally advanced it. *United States v. Rodriguez*, No. 96-cr-959, 2025 WL 212766 (S.D.N.Y. Jan. 16, 2025). The Court does so again today.

---

[2] Indeed, the majority of the briefing submitted by Martinez is identical to that of Rodriguez. (*Compare* ECF No. 178 (Martinez's motion) *with* ECF No. 176 (Rodriguez's supplemental memorandum of law); *compare* ECF No. 192 (Martinez's reply brief) *with* ECF No. 191 (Rodriguez's motion seeking reconsideration)).

2

Martinez contends that because he was sentenced at a time when the Sentencing Guidelines were mandatory, the sentencing court had no choice but to sentence him to life imprisonment; if he were sentenced today, a court would have discretion to vary downwards or otherwise impose a shorter sentence. That is not so. Rodriguez and Martinez were each convicted of two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a), a statute that carries a mandatory sentence of life imprisonment. Thus, the fact that the Guidelines are now advisory does not mean that a gross disparity would result between the sentence Martinez received in 1998 and the one he would receive today. To the contrary, a life sentence was statutorily mandated both then and when the motion was filed. *See United States v. Elwood*, No. 92-469, 2024 WL 454976, at *5 (E.D. La. Feb. 6, 2024) (denying motion for compassionate release under similar reasoning), *aff'd*, No. 24-30169, 2025 WL 66346 (5th Cir. Jan. 10, 2025); *United States v. McGruder*, No. 02-cr-0013(2), 2024 WL 3176237, at *1 (D. Minn. June 26, 2024); *United States v. Isaac*, No. 22-2758, 2024 WL 1597614, at *2 (2d Cir. Apr. 12, 2024).

Following Rodriguez's footsteps, Martinez next contends that, in light of *Booker*, the sentencing court erred by imposing a sentence based on facts not found by the jury, specifically pointing to the calculation of his Guidelines sentence. (ECF No. 178 at 8-17.) *See also Rodriguez*, 2025 WL 212766, at *2-3 (explaining this argument in full). The Court rejected this argument in its January 16, 2025 Opinion & Order, *Rodriguez*, 2025 WL 212766, at *3, and will not restate its analysis in full here. The Court notes, however, that Martinez concedes that any Guidelines-based argument is "largely a red herring" with respect to the murder in aid of racketeering counts. (ECF No. 192 at 6-7.) It bears emphasizing that Rodriguez and Martinez were each convicted of two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a), a crime that carried—both in 1998 and today—a mandatory statutory term of life imprisonment. The predicate offenses underlying these charges were the 1996 murders of Antonio Valencia and Freddy Sanchez, second-degree murder under New York law. Second-degree murder under New York law constitutes murder for purposes of section 1959(a)(1). *See United States v. Mapp*, 170 F.3d 328, 335 (2d Cir. 1999) (upholding section 1959(a)(1) conviction for predicate offense of felony murder and noting "[w]e do not believe that section 1959 reaches only murders that were committed intentionally"); *United States v. Perez*, 138 F. App'x 379, 381 (2d Cir. 2005) ("'[M]urder' in § 1959(a) is defined according to the state or federal law controlling the predicate murder offense."); *United States v. Torres*, 124 F.4th 84, 98 (2d Cir. 2024) ("[S]econd-degree murder under New York law qualifies as predicate racketeering activity."); *Lugo v. United States*, No. 01-cr-922, 2021 WL 6883419, at *8 (E.D.N.Y. May 14, 2021) (upholding section 1959(a) conviction based on predicate offense of second-degree murder under New York law).

Accordingly, Judge Miriam Cedarbaum, who sentenced Martinez, did not need to find any facts beyond the jury's guilty verdict on the murder in aid of racketeering

counts in order to sentence Martinez to life imprisonment. There is thus no disparity—let alone a gross disparity, as section 1B1.13(b)(6) requires—between the sentence Martinez received in 1998 and the sentence he would receive at the time he filed this motion.

In addition to his arguments under the "unusually long sentence" provision of U.S.S.G. § 1B1.13(b), Martinez contends that his rehabilitation while incarcerated supports a reduction in his sentence. Martinez notes that he has "completed numerous hours of evidenced-based rehabilitation and recidivism-reducing classes and programs" and has been assigned a score of "low" on a recidivism risk assessment. (ECF No. 178 at 20.) While the Court accepts Martinez's statements as true for the purposes of this motion, rehabilitation is "not, by itself, an extraordinary and compelling reason" for a sentence reduction. U.S.S.G. § 1B1.13(d); *see also* 28 U.S.C. § 994(t). Even considering these efforts in conjunction with the medical conditions Martinez identified in his prior compassionate release motions, the Court cannot find that extraordinary or compelling reasons exist at this time. "[A] productive institutional record while incarcerated is what is expected and is not a basis for a sentence reduction here." *United States v. Baptiste*, No. 15-cr-854, 2024 WL 3425818, at *2 (S.D.N.Y. July 16, 2024) (internal citation and quotation marks omitted).

Finally, even if the Court concluded that extraordinary and compelling reasons exist to reduce Martinez's sentence, such a reduction would not be consistent with the section 3553(a) factors. As this Court has previously remarked, "[t]he crime of murder in aid of racketeering is tremendously grave," *Martinez*, 2021 WL 5605137, at *2, and "[t]he horrifying details of these murders cannot be overstated." (ECF No. 175 at 1.) Specifically, Martinez and Rodriguez faced a cocaine debt totaling nearly $1 million and murdered Valencia and Sanchez in order to erase that debt. (*Id.* at 1-2.) Martinez received a payment of $1,000 from Rodriguez for his role in the murders. (*Id.* at 2.) A reduction in Martinez's sentence would most certainly not comport with the section 3553(a) factors at this time.

Accordingly, Martinez's motion for a sentence reduction is denied. The Clerk of Court is directed to mail a copy of (i) this Opinion & Order and (ii) the Opinion & Order dated January 16, 2025 in *United States v. Rodriguez*, No. 96-cr-959, 2025 WL 212766 (S.D.N.Y. Jan. 16, 2025) (ECF No. 190) to the defendant as follows: Jose Martinez [19912-050], FCI Coleman Medium, Federal Correctional Institution, P.O. Box 1032, Coleman, FL 33521.

Dated: New York, New York
       March 11, 2025

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.